# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY MILLER, et al., | Civ. No. 13-2018 PGS LHG |
| Plaintiffs, | **OPINION** |
| v. | |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**Peter G. Sheridan, U.S.D.J.**

## I. BACKGROUND

On April 1, 2013, the Court received a complaint on behalf of five plaintiffs, Larry Miller, Steven Grohs, Lewis Reynolds, Wayne Zuraski and George G. Neely against the State of New Jersey, Department of Corrections, Special Treatment Unit, Merrill Main and Steve Johnson. The complaint alleges that the plaintiffs are all detained at the Special Treatment Unit in Avenel, New Jersey. The plaintiffs assert that the defendants have begun transporting plaintiffs to court appearances and medical appointments in what is known as a "keep-separate vehicle." The complaint claims that the plaintiffs have been injured while being transported in the "keep-separate vehicle" due to a lack of proper restraints in the vehicle. All five plaintiffs have signed the complaint.

Plaintiff Zuraski submitted an application to proceed *in forma pauperis*. However, he has not submitted a certified six-month prison account statement. The remaining four plaintiffs have not submitted a filing fee nor have they submitted an *in forma pauperis* application.

1

On April 19, 2013, plaintiff Grohs filed an emergent motion for a temporary restraining order/preliminary injunction. In the motion, he asserts that he is scheduled to be transferred to the Superior Court of New Jersey, Criminal Law Division, Camden County on May 24, 2013 for a court hearing. He fears that he will suffer contusions and abrasions if transferred in the "keep-separate vehicle" to attend the May 24, 2013 court appearance.[1]

## II.   IFP PRISONER PLAINTIFFS AND RULE 20

The filing fee for a civil complaint is $350.00. The Clerk cannot file a civil complaint unless the person seeking relief pays the entire $350.00 filing fee in advance or applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. *See* Local Rule 5.1(f) ("Any papers received by the Clerk without payment of such fees as may be fixed by the statute or by the Judicial Conference of the United States for the filing thereof shall be marked 'received' and the date and time of receipt shall be noted thereon.").

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104-134, §§ 801-10, 110 Stat. 1321 (April 26, 1996) ("PLRA"), which amended 28 U.S.C. § 1915, established certain requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. It requires the prisoner to submit an affidavit that includes a statement of all assets and that the person is unable to pay such fees or give security. In addition, prisoners must submit a certified copy of their trust fund account statement for the six month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See* 28 U.S.C. § 1915(a)(1) & (2).[2]

---

[1] The complaint alleges that Grohs was transferred using the "keep-separate vehicle" on February 8, 2013 and that he suffered several abrasions and contusions as well as numerous bumps and bruises during the transport.

[2] The court recognizes that the PLRA is applicable to "prisoners" who are defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

If a prisoner is granted permission to file a complaint *in forma pauperis,* then the PLRA requires the Court to assess the $350.00 filing fee against the prisoner. The Court then collects the fee by directing the agency having custody of the prisoner to deduct monthly installment payments from the prisoner's prison account equal to 20 % of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00. *See* 28 U.S.C. § 1915(b). In addition, if the Court grants the prisoner permission to proceed *in forma pauperis*, then the PLRA requires the Court to screen the complaint for dismissal and to *sua sponte* dismiss (without service or ordering an answer) any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Furthermore, if a prisoner has on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In this case, the Clerk cannot file the complaint because plaintiffs did not prepay the $350.00 filing fee and this Court is not granting *in forma pauperis* status to any plaintiff. While plaintiff Zuraski requested permission to proceed *in forma pauperis,* his application is incomplete because he did not submit a certified copy of his trust fund account statement for the

---

probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). The court cannot determine from the face of the complaint whether plaintiffs fall within the definition of "prisoner." For purposes of this opinion, the Court will assume that plaintiffs are "prisoners" because the civil cover sheet signed by plaintiff Grohs which accompanies the complaint indicates that this is a "Prisoner civil rights" case. (*See* Dkt. No. 1-2 at p. 1.) However, a litigant who is committed to a psychiatric facility is not a prisoner under 28 U.S.C. § 1915(h), and thus, is not subject to the detailed inmate-account procedures of the PLRA. *See Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001); *see also Brandt v. Burns*, 441 Fed. Appx. 924, 927 n. 4 (3d Cir. 2011) (per curiam).

six-month period immediately preceding the filing of the complaint along with his *in forma pauperis* application. Accordingly, Zuraski's application to proceed *in forma pauperis* will be denied without prejudice. The Clerk will be directed to administratively close the case as no other plaintiff has either prepaid the $350 filing fee, or submitted an application to proceed *in forma pauperis*. Nevertheless, the plaintiffs will be advised on the relevant law in order to provide them guidance on whether to proceed in this case individually or jointly.

Five plaintiffs signed the complaint. Federal Rule of Civil Procedure 20 governs the permissive joinder of plaintiffs and states in relevant part:

(1) Plaintiffs. Persons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;
> (B) and any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(1). Joinder under Rule 20 is discretionary and when the District Court exercises that discretion, it "must provide a reasoned analysis that comports with the requirement of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009).

Where more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $350.00 filing fee or seek *in forma pauperis* status. *See Hagan*, 570 F.3d at 150; *see also Hood v. Cumberland Cnty. Dep't of Corrs.*, Civ. No. 12-6395, 2013 WL 1593349, at *1 n. 2 (D.N.J. Apr. 12, 2013); *McGeachy v. Aviles*, Civ. No. 10-3562, 2011 WL 1885938, at *2 (D.N.J. May 18, 2011). In the event that multiple prisoners seek to join as plaintiffs and they do not prepay the $350.00 filing fee, then each plaintiff must submit a complete application to proceed *in forma pauperis* if he desires the complaint to be filed on his

behalf. *See Hagan*, 570 F.3d at 154-55. In that situation, if the Court permits more than one prisoner to join as a plaintiff under Rule 20, then the Court is required to collect a $350 filing fee from each prisoner-plaintiff by directing the agency having custody of each prisoner to deduct the filing fee in monthly installments from each prisoner's account as if each prisoner were filing his own individual complaint. *See Hagan*, 570 F.3d at 155-56.

As previously stated, this Court is required to screen a complaint for dismissal and to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. However, the complaint as to the joinder issue and the individual claims will not be formally screened at this stage as the complaint has not yet been filed.

While this Court will not screen the complaint since it is not yet deemed filed, there are significant questions concerning the viability of the joinder of the plaintiffs in this action. The complaint alleges general conditions of the "keep-separate vehicle" which may be applicable to plaintiffs to proceed in one action. However, there are separate allegations of injuries which occurred at different times and during different transports among the plaintiffs that may be more appropriately pled as separate individual claims rather than as joined claims.

Plaintiffs will be given an opportunity to either (1) move to re-open this action, complying with the rules applicable to joinder of claims and parties, including the filing fee and/or IFP application requirements, or (2) file new and separate actions asserting their individual claims.

/////

/////

### III. MOTION FOR TRO/PRELIMIANRY INJUNCTION

Grohs filed a motion for a temporary restraining order/preliminary injunction on April 19, 2013. He seeks injunctive relief enjoining the defendants from using the "keep-separate vehicle" from transporting him to his court appearance in Camden County on May 24, 2013. To secure the extraordinary relief of a preliminary injunction or TRO, a plaintiff must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'" *Barber v. Sharp*, Civ. No. 10-5286, 2011 WL 2223651, at *15 (D.N.J. June 2, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *Ballas v. Tedesco*, 42 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to temporary restraining order)). A preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." *De Beers v. Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Glazewski v. Corzine*, Civ. No. 06-4107, 2008 WL 2915482, at *1 (D.N.J. July 25, 2008); *Schwartz v. United States Dep't of Justice*, Civ. No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007). Furthermore, "[a] plaintiff must establish that all four factors favor preliminary relief." *Barber*, 2011 WL 2223651, at *15 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

In this case, there is no complaint filed on behalf of plaintiff Grohs. He has not prepaid the filing fee nor has he sought to proceed *in forma pauperis*, which means that, under Local Civil Rule 5.1, his complaint has only been "received." As there is no filed complaint, Grohs'

motion is premature. He cannot establish that he is entitled to a temporary restraining order/preliminary injunction when relying upon an unfiled complaint.

Nevertheless, even when the plaintiff has neither paid the filing fee nor filed an application to proceed *in forma pauperis*, some courts have considered whether the granting of conditional *in forma pauperis* status is warranted. *See McGhee v. Sanders*, Civ. No. 12-7955, 2013 WL 785084, at *2 (D.N.J. Feb. 28, 2013) (no warranting of conditional *in forma pauperis* status where plaintiff failed to pay filing fee or application to proceed *in forma pauperis* where complaint does not indicate that he is in danger of imminent physical injury). Conditional *in forma pauperis* status may be granted where a plaintiff is in danger of imminent physical injury. For example, in *Jackson v. Grondolsky*, Civ. No. 09-5617, 2011 WL 13704, at *1 (D.N.J. Jan. 3, 2011), while a plaintiff submitted his complaint without a filing fee or an *in forma pauperis* application, the Court granted him conditional *in forma pauperis* status "in light of his allegations that he was swiftly going blind due to an alleged denial of medical care." Unlike *Jackson*, the court finds that Grohs assertions in the motion for a temporary restraining order/preliminary injunction are insufficient to warrant the conditional granting of *in forma pauperis* status. While the plaintiff in *Jackson* alleged that was swiftly going blind due to the denial of medical care, the Court finds that plaintiff's allegations that he could suffer contusions and abrasions while being transported in the "keep-separate vehicle" on May 24, 2013 do not rise to the level to warrant a conditional grant of *in forma pauperis* status. Thus, the motion will be denied without prejudice.[3]

---

[3] While the motion will be denied without prejudice, it is worth reiterating that a plaintiff must establish that all four factors favor preliminary injunctive relief. *Opticians Ass'n of Am.*, 920 F.2d at 192. One of the factors that a plaintiff must show is irreparable harm whereby the plaintiff "must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994) (internal quotation marks and citation omitted). "The requisite for injunctive relief has been

7

## IV. CONCLUSION

For the reasons stated above, Zuraski's application to proceed *in forma pauperis* will be denied without prejudice. Grohs' motion for a temporary restraining order/preliminary injunction will also be denied without prejudice. The Clerk will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiffs will be granted thirty (30) days leave to move to reopen this action, or file their own individual complaints, and the corresponding filing fee or application to proceed. Any future joint amended complaint must comply with the rules for asserting multiple claims by or against multiple parties. An appropriate order follows.

Dated: 5-16-13

Peter G. Sheridan, U.S.D.J.

---

characterized as a clear showing of immediate irreparable injury, or a presently existing actual threat; an injunction may not be used simply to eliminate a possibility of a remote future injury." *Id.* at 655 (internal quotation marks and citation omitted). Furthermore, the injury created by failing to issue the injunction must be of a peculiar nature so that compensation in money cannot atone for it. *See id.* at 653. If this Court were to reach the merits of the motion at this juncture, it would be denied as the motion does not favor a showing of irreparable harm. The harm alleged is speculative and could be redressed through a legal remedy at trial.